UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD SIMS,

        Petitioner,                                                   Civil Action No. 13-CV-14715

vs.                                                                            HON. BERNARD A. FRIEDMAN

RANDALL HAAS,

        Respondent.

_____/

## ORDER ACCEPTING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is presently before the Court on petitioner's application for a writ of

habeas corpus.  Magistrate Judge Paul J. Komives has submitted a Report and Recommendation

("R&R") in which he recommends that the Court deny the application and decline to issue a

certificate of appealability.  Petitioner has filed timely objections to which respondent has not

responded.  Pursuant to Fed. R. Civ. P. 72(b)(3), the Court has reviewed de novo those portions of

the R&R to which petitioner has properly objected.  For the reasons stated below, the Court shall

accept and adopt the R&R over petitioner's objections.

The facts of the case are summarized in detail in the R&R and in the opinion of the

Michigan Court of Appeals affirming petitioner's conviction, *People v. Sims*, 2012 WL 5193211

(Mich. App. Oct. 18, 2012), and need not be repeated here.  In short, petitioner is serving a life

sentence on a first-degree felony murder conviction, a jury having found him guilty of shooting a

man at close range in the back of the head.  The magistrate judge carefully and thoroughly analyzed

all of petitioner's claims and found none to have merit.  Notwithstanding petitioner's objections, the

Court reaches the same conclusion.

Petitioner first objects to the magistrate judge's analysis of his claim concerning the sufficiency of the evidence. Here petitioner repeats his argument that the evidence was insufficient to prove beyond a reasonable doubt that he killed the victim with malice. Specifically, petitioner argues the prosecutor failed to prove the shooting was intentional and not accidental.

The Court rejects this argument for the same reasons offered by the Michigan Court of Appeals and the magistrate judge. Under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), convictions withstand a sufficiency-of-the-evidence challenge if any rational trier of fact could conclude that the essential elements of the crime were proved beyond a reasonable doubt. A habeas petitioner faces the additional hurdle of showing that the state courts disregarded Supreme Court precedent in finding that the *Jackson* standard was met in the case in question. In the present case, the Michigan Court of Appeals reasonably concluded the jury was entitled to find that petitioner killed the victim intentionally based on the testimony of a witness at the scene who indicated that she saw petitioner point a gun at the victim's head while demanding money and that she heard the gun discharge the instant the victim attempted to drive away. Petitioner's theory that the gun discharged accidentally when the car door hit his arm was just that, merely a theory, which the jury was free to accept or reject.

Petitioner's next three objections concern the magistrate judge's analysis of his claims regarding alleged prosecutorial misconduct. Specifically, petitioner argues the prosecutor should not have impeached the credibility of one of petitioner's witnesses, Christopher Farish, by presenting evidence of Farish's prior convictions which did not involve theft or dishonesty; and that the prosecutor improperly bolstered the testimony of another witness, Ashley Myers. The Michigan Court of Appeals rejected these claims on the grounds that petitioner did not object at trial and that

petitioner did not argue or otherwise show that the prosecutor acted in bad faith, as required under Michigan case law.  The Court agrees with the magistrate judge, who cited additional authority supporting the court of appeals' rationale.

Moreover, petitioner argues only that the impeachment evidence and the prior consistent statement were introduced in violation of the Michigan Rules of Evidence.   However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  As petitioner argues only a state law violation and has not shown that his due process rights were violated, habeas relief is not available on these claims.  As for the alleged bolstering of Myers' testimony, the Court agrees with the magistrate judge that petitioner has not shown that any bolstering occurred, but only that the prosecutor offered Myers' prior consistent statements about which she could have been cross-examined.  No habeas relief is available on these claims.

Petitioner next objects to the magistrate judge's analysis of his claim regarding the prosecutor's questioning of petitioner about his employment status.  Petitioner has not shown any error in the magistrate judge's analysis.  Further, the Court notes, as did the Michigan Court of Appeals, that petitioner did not object to this line of questioning and that the trial court instructed the jury not to be influenced by prejudice.  In any event, this is an evidentiary issue that does not warrant habeas relief because petitioner has not shown that his fundamental right to a fair trial was affected.

Petitioner next objects to the magistrate judge's analysis of his claim regarding the prosecutor's use of a photograph of the back of the victim's head.  The Michigan Court of Appeals

rejected this claim because the single photograph was relevant "in depicting the location, nature, and proximity of the wound, which was relevant to show that defendant had a malicious intent when he shot Burrell." *Sims*, 2012 WL 5193211, at \*7.  That court also noted, "It is apparent from the record that the trial court weighed the probative value of the photograph against its potentially prejudicial nature." *Id.*  The magistrate judge properly found no constitutional error in this line of reasoning. There is no merit to petitioner's objection that "the photograph served no other purpose than for shock value." Pet.'s Obj. 6.

Petitioner next objects to the magistrate judge's analysis of his claims regarding ineffective assistance of counsel.  This is not a proper objection, as petitioner simply repeats the points he presented in his habeas petition.  A proper objection must do more than repeat arguments previously made or assert without argument that petitioner objects generally.  *See McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004).  In any event, the Court finds that the magistrate judge properly analyzed and rejected these claims, as petitioner has failed to show error and prejudice as required by *Strickland v. Washington*, 466 U.S. 668 (1984), or, more to the point, that the Michigan Court of Appeals' treatment of these claims is inconsistent with Supreme Court precedent.

Finally, petitioner objects to the magistrate judge's analysis of his claim that the trial court improperly refused the jury's request to rehear testimony.  This objection, like the one just preceding, is too terse and unspecific to warrant consideration.  The Court agrees with the magistrate judge, who notes petitioner's failure to show that the Michigan Court of Appeals' treatment of the issue conflicted with any Supreme Court precedent.  Further, as the Michigan Court of Appeals noted, the trial judge did not reject outright the jurors' request to rehear testimony, but simply

indicated that their request would not be granted "at this time," as the request was made on a Friday and a transcript could not be prepared until the following week. *Sims*, 2012 WL 5193211, at \*7. Petitioner has not demonstrated that the trial judge's response to the jury violated petitioner's federal constitutional rights.  No habeas relief is available on this claim.  Accordingly,

IT IS ORDERED that petitioner's objections to Magistrate Judge Komives' R&R are overruled.

IT IS FURTHER ORDERED that Magistrate Judge Komives' R&R is hereby accepted and adopted as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that petitioner's application for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis.

                       _s/ Bernard A. Friedman_____

Dated: November 25, 2014         BERNARD A. FRIEDMAN

     Detroit, Michigan            SENIOR UNITED STATES DISTRICT JUDGE